UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL DORSEY,

    Plaintiff,

v.                                                            Case No.:  8:24-cv-489-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Michael Dorsey seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Recently, Plaintiff also filed a Motion for Remand Under Sentence Six (Doc. 21) and the Commissioner filed a response (Doc. 22). As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and the Motion for Remand Under Sentence Six is moot.

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

On May 15, 2020, Plaintiff applied for a period of disability and disability insurance benefits, and for supplemental security income, alleging disability beginning on December 1, 2016. (Tr. 141, 142, 444-453). The applications were denied initially and on reconsideration. (Tr. 141, 142, 179, 180). Plaintiff requested a hearing and on August 2, 2022 and December 6, 2022, hearings were held before Administrative Law Judge Glen H. Watkins ("ALJ"). (Tr. 72-89, 90-112). On April 20, 2023, the ALJ entered a decision finding Plaintiff had not been under a disability from December 1, 2016, through the date of the decision. (Tr. 32-43). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on January 12, 2024. (Tr. 1-5).

Plaintiff began this action by Complaint (Doc. 1) filed on February 23, 2024, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2026. (Tr. 34). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 1, 2016, the alleged onset date. (Tr. 34). At step two, the ALJ found that Plaintiff had the following severe impairments: "Degenerative

Disc Disease of the Lumbar spine, Obesity and Major Depressive Disorder." (Tr. 35). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 35).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except the claimant can lift and or carry up to 20 pounds occasionally and lift and carry up to 10 pounds frequently. The claimant can stand and or walk for approximately 6 hours per 8-hour workday and sit for approximately 6 hours per 8-hour workday with normal breaks. The claimant is limited to occasional postural activities to include climbing ladders, ropes, or scaffold, climbing ramps and stairs, balancing, stooping, crouching, kneeling, and crawling. The claimant must avoid concentrated exposure to extreme cold, extreme heat, excessive wetness and humidity, and hazards. The claimant is limited to frequent gross and fine manipulation bilaterally. He is limited to the ability to understand, remember, carryout and perform only simple routine tasks and instruction with a reasoning level of 1 or 2. He can have occasional interaction with the public and supervisors and the public with only occasional changes in the work setting.

(Tr. 37).

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work as an air conditioner mechanic and appliance servicer (Tr. 41). At step

five of the sequential evaluation process, the ALJ found that considering Plaintiff's age (44 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 41). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

    (1)   Office Helper, DOT[1] 239.567-010, light, SVP 2

    (2)   Routing Clerk, DOT 222.587-038, light, SVP 2

(Tr. 42). The ALJ concluded that Plaintiff had not been under a disability from December 1, 2016, through the date of the decision. (Tr. 42).

## II.   Analysis

On appeal, Plaintiff argues that the Appeals Council erred in finding that medical records from The Vein and Vascular Institute dated May 5, 2023 through November 16, 2023, did not relate to the period at issue and therefore did not affect the decision about whether Plaintiff was disabled beginning on or before April 20, 2023, the date of the ALJ's decision. (Doc. 15, p. 4; Tr. 2-3). Plaintiff claims that this additional evidence submitted for the first time to the Appeals Council supports Plaintiff's allegations of inability to stand for prolonged periods of time. (Doc. 15, p. 6-7). The Commissioner argues that this evidence was not chronologically

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

relevant to the period at issue. (Doc. 20, p. 7-8). The Commissioner also contends that the additional evidence was not material and there was no reasonable probability of changing the administrative result by the addition of these records. (Doc. 20, p. 10-12). Plaintiff's arguments are persuasive.

"'With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process,' including before the Appeals Council." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram v. Comm'r of Soc., Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir.2007)). Under new regulations effective in 2017,[2] the Appeals Council will review a case when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5); 20 C.F.R. § 416.1470(a)(5). New evidence is chronologically relevant if it relates to the period on or before the date of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018). "Evidence is material if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Atha*, 616 F. App'x at 936. The new regulation added an additional requirement that the Appeals Council "will

---

[2] In 2016, 20 C.F.R. § 404.970 was amended, effective January 17, 2017, but with compliance not required until May 1, 2017. *See* 81 Fed. Reg. 90987, 90996 (Dec. 16, 2016).

only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 416.1435….” 20 C.F.R. § 404.970(b); 20 C.F.R. § 416.1470(b).

If the ALJ's decision is contrary to the weight of the evidence – including the new evidence – then the Appeals Council must grant the petition for review. *Hargress*, 883 F.3d at 1309 (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014)). But the Appeals Council need not give a detailed explanation or further address each piece of new evidence individually. *Id.*

The ALJ entered the decision on April 20, 2023. (Tr. 43). In the decision, the ALJ considered Plaintiff's testimony that "his lumbar spine impairment [degenerative disc disease of the lumbar spine] causes pain and affects his ability to stand for prolonged periods and lift heavy objects." (Tr. 37). The ALJ then found that Plaintiff's subjective statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical and other evidence of record. (Tr. 37). Later in the decision, the ALJ noted that a medical provider found Plaintiff's chronic pain in the lumbar area was exacerbated by prolonged standing. (Tr. 38). The ALJ reported that Plaintiff had a decrease in strength in his lower extremities, however his gait was stable, he used no assistive device for ambulation, and his examinations yielded minimal findings other than tenderness and slight strength deficits, "which support the range of functional

activities the claimant continues to be able to perform." (Tr. 38). The ALJ noted in September and October 2020, Plaintiff had edema in his lower extremities, but was able to walk up to a half a mile per day. (Tr. 39). The ALJ concluded that Plaintiff was largely independent in all activities of daily living and his physical examinations did not consistently demonstrate a level of declining function or the inability to function independently. (Tr. 40).

During the relevant period on or before the ALJ's decision, Plaintiff was diagnosed with chronic venous insufficiency in June and August 2022. (Tr. 1001, 1212-13). On examination at these visits, Plaintiff presented with edema in both legs below the knee and complained that it worsened with prolonged sitting and standing, and was relieved by walking. (Tr. 999, 1212). Plaintiff claimed that his legs swell to the "'size of a football,'" lasting approximate 2 to 3 days and had happened about twice a week since 2018. (Tr. 999). Plaintiff also reported that the swelling had increased in duration and frequency to nearly every day since April 2022. (Tr. 999).

After the decision, on May 5, August 3, October 18, and November 16, 2023, Thomas M. Kerr, M.D. treated Plaintiff at The Vein & Vascular Institute of Tampa Bay for venous insufficiency. (Tr. 55-71). Plaintiff complained of severe and painful leg edema bilaterally, cramping, pelvic pain, back pain, and a disabling quality of life. (Tr. 57, 69). Plaintiff described the symptoms as occurring frequently, lasting for hours, and were exacerbated by constipation, hot weather, leg dependency,

prolonged sitting, and prolonged standing. (Tr. 57). Plaintiff claimed that the onset of symptoms was gradual over the years, but had been worsening despite all treatments, such as compression socks, over-the-counter medications, avoidance of standing, and elevation of legs. (Tr. 57, 59). While the Commissioner argues that Dr. Kerr did not base his assessment on evidence derived from the relevant period, at the November 2023 visit, he found that Plaintiff's chronic signs and symptoms of venous insufficiency had been going on for over six months and all conservative care had failed. (Tr. 59).

For the Appeals Council to consider this additional evidence, first Plaintiff must show that the additional evidence is new, meaning that it is chronologically relevant and relates to the period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(a)(5); 20 C.F.R. § 416.1470(a)(5). The Appeals Council found that this evidence did not relate to the period at issue. (Tr. 2). The Court disagrees. During the relevant period, Plaintiff suffered from chronic venous insufficiency that presented as bilateral lower extremity edema that worsened with excessive sitting and standing. (Tr. 999, 1213). The decision did not address venous insufficiency and attributed Plaintiff's complaints about standing and sitting to his degenerative disc disease of the lumbar spine. (Tr. 37-39). Dr. Kerr's medical records that began shortly after the date of the ALJ's decision explained that Plaintiff's leg pain, cramping, and edema was caused by another impairment, venous insufficiency. (Tr.

55-71). Dr. Kerr also noted that a risk factor for this impairment was prolonged standing and that the leg pain and muscle cramps affect Plaintiff's daily activities. (Tr. 57). While Plaintiff's symptoms may have worsened after the relevant period, Plaintiff still suffered from edema and pain in both legs during the relevant period. And even though Dr. Kerr apparently did not treat Plaintiff during the relevant period, these additional medical records are chronologically relevant to an impairment diagnosed during the relevant period and caused limitations that existed during that period. Thus, these additional medical records are new and chronologically relevant.

Second, Plaintiff must show that these medical records are material, meaning there is a reasonable probability that the new evidence would change the administrative outcome. 20 C.F.R. § 404.970(a)(5); 20 C.F.R. § 416.1470(a)(5). These medical records support Plaintiff's complaints about his inability to stand and sit for prolonged periods in an 8-hour workday and there is a reasonable probability the ALJ's consideration of Plaintiff's subjective statements about his ability to stand and sit would have changed had the ALJ reviewed these additional records. Especially as Dr. Kerr found that one risk factor for venous insufficiency is prolonged standing and one method of conservative treatment for venous insufficiency is to avoid prolonged standing. (Tr. 57, 59). There is also a reasonable probability that this additional medical evidence would change the ALJ's RFC

assessment and hypotheticals posed to the vocational expert as to Plaintiff's ability to stand and sit for prolonged periods in an 8-hour workday. Thus, this additional medical evidence is new and material and remand for additional administrative proceedings on the additional evidence submitted to the Appeals Council is warranted.

### III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the additional medical evidence submitted to the Appeals Council along with all the medical and other evidence of record. Based upon this decision, the Motion for Remand Under Sentence Six (Doc. 21) is moot. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 4, 2025.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties